**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Margaret Fortier, | Case No. 2:25-cv-12827-RMG |
| Plaintiff, | |
| v. | |
| Michael Fortier, | **ORDER** |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be dismissed without prejudice, without issuance and service of process, and without leave to amend for lack of subject-matter jurisdiction, or in the alternative, failure to state a claim. (Dkt. No. 15). Plaintiff has timely objected to the R&R. (Dkt. No. 19). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses the Complaint without prejudice, without issuance and service of process, and without leave to amend.

**I.   Background**

Plaintiff, proceeding *pro se*, alleges that Defendant, her ex-husband and father of her adult child, violated her rights under the Third, Fourth, Fifth, and Thirteenth Amendments of the United States Constitution. (Dkt. No. 1, at 3, 9). Although much of the Complaint is unintelligible and difficult to decipher,[1] Plaintiff's claims appear to arise out of past child custody issues with

---

[1] For instance, the Complaint alleges that:

> Defendant violated me, our child age 18 or so, and you our pet of our Bill of Right of heir to the Ad Agency of my family. This make our Lord very happy, not at all.

1

Defendant. *Id*. at 9. For relief, Plaintiff requests "forty thousand or so that [she] spent on that baby thing to be the girlfriend and suitor to the child, to stop! And let [her] be the mother for the son [she] had by biological birth, once more." *Id*. at 16.

The Magistrate Judge recommended summarily dismissing this action, concluding that: (1) Plaintiff's Complaint fails to state facts sufficient to establish federal question jurisdiction[2] under 28 U.S.C. § 1331 because the Complaint does not allege how Plaintiff's rights have been violated or state a basis upon which to conclude that Defendant was a state actor for purposes of 42 U.S.C. § 1983; (2) to the extent Plaintiff seeks to appeal the results of a state court action involving custody issues with Defendant, federal courts do not have the authority to review final determinations from state or local courts, or alternatively—to the extent there is a pending state court action, Plaintiff's claims are barred under the *Younger* abstention doctrine; and (3) even if she can establish subject-matter jurisdiction, Plaintiff's claims are so generally incomprehensible that she fails to state a legitimate claim. (Dkt. No. 15, at 4-10).

Plaintiff objected to the R&R, (Dkt. No. 19), and Defendant has not responded. This matter is ripe for disposition.

---

I am going to be the darkest person as soon as you read this description of how violent he is to us.

(Dkt. No. 1, at 9). She also claims that Defendant "[o]bstructed justin and my, tee hee, fun while we planned the big takeup for the hollywood forgettaboutit frolic and timely lung cancer gala at the Met, just sayin'." *Id*.

[2] Plaintiff does not claim diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Id*. at 3.

## II.     Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

Plaintiff's objection to the R&R appears to be that the Magistrate Judge erred by concluding that the Complaint failed to state sufficient facts to establish federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 19, at 10). Particularly, she claims that the

Complaint alleges that, among other things, Defendant "perjur[ed] to court of law to win custody case about the nature of [Plaintiff's] wig [she] wore (not to court), . . . refus[ed] to tell [Plaintiff] [the] child's dentist name, . . . [failed to disclose] that [Defendant] is in intimate relationship with [Plaintiff's] two older sisters, [and] us[ed] [Plaintiff's] son's pet to assault him . . . ." *Id*. at 10-11.

The Magistrate Judge reasoned that Plaintiff failed to allege facts to show how her constitutional rights had been violated. (Dkt. No. 15, at 5). The Magistrate Judge further concluded that the Complaint failed to properly allege federal question jurisdiction under § 1983 because Plaintiff did not indicate any facts from which to conclude that Defendant allegedly violated her rights while acting as a state actor. *Id*. at 5-6.

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (citation and punctuation omitted). "A primary incident of that precept is [a court's] duty to inquire, *sua sponte,* whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." *Id*. (italics in original) (citation omitted). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although "the absence of jurisdiction may be raised at any time during the case, . . . [d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citation omitted).

There is no presumption that a federal court has jurisdiction over a case. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citation omitted). A plaintiff must allege "facts essential to show jurisdiction" in their pleadings. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Federal Rule of Civil Procedure 8 requires that the complaint

4

provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court lacks subject-matter jurisdiction. *See Lovern*, 190 F.3d at 654 (citation omitted).

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect." *Id*. (citation and punctuation omitted). "The mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932) (citation omitted).

Here, the Complaint fails to allege any facts that indicate how her rights under the Third, Fourth, Fifth, and Thirteenth Amendments of the United States Constitution were violated. Even when construed to the outermost bounds of liberal construction, the Complaint contains no factual allegations suggesting that Defendant, for example, subjected Plaintiff to an unreasonable search or seizure or to slavery or involuntary servitude. Rather, the Complaint invokes constitutional rights in name only, is largely nonsensical, and is primarily devoted to disparaging Defendant. *See id*. ("The mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit, for if the plaintiff does not really rely upon a federal statute for his right to recover, or if the claim of right is plainly

5

without color of merit or frivolous, jurisdiction does not exist.") (citation omitted). For example, she alleges that Defendant "[m]akes the child sit at home by he self in one of the vicious areas of the state of [New Jersey] if you wanna be the flat person at the bar, ok, Your Honor, do not go into this brave new world thing or the four of us will not make the cutter off season, well?" (Dkt. No. 1, at 10). Indeed, it is not readily apparent to the Court how this allegation, or any other allegation in the Complaint, would come even remotely close to supporting a finding of jurisdiction. Accordingly, the Magistrate Judge correctly determined that Plaintiff failed to plead adequate facts to establish federal question jurisdiction over her claims.

To the extent Plaintiff attempts to assert claims under § 1983, she has failed to allege sufficient facts to demonstrate that Defendant acted under the color of state or federal law, and purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982). Therefore, because Plaintiff does not assert that Defendant violated her constitutional rights while acting as a state actor, (Dkt. No. 19, at 10), the Complaint does not state a valid basis for subject-matter jurisdiction, and the Magistrate Judge did not err by recommending that this matter be dismissed for lack thereof.

IV.    **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 15) and **DISMISSES** the Complaint (Dkt. No. 1) without prejudice, without issuance and service of process, and without leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

6

February 24, 2026
Charleston, South Carolina